# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-374 PA (DTBx) | Date | August 22, 2017 |
|---|---|---|---|
| Title | Arthur Nicholas Gilreath v. California Department of Motor Vehicles | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS—ORDER

Plaintiff Arthur Nicholas Gilreath ("Plaintiff"), appearing pro se, filed a Complaint with this Court on February 28, 2017, which was dismissed with leave to amend on May 1, 2017. (Docket Nos. 1, 22.) On July 27, 2017, the Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution in light of Plaintiff's failure to file a first amended complaint. (Docket No. 23.) The Order specifically warned Plaintiff that the Court may dismiss the action for failure to respond by August 14, 2017. (Id.) To date, and despite the expiration of the deadline to do so, Plaintiff has not filed a response.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. Proc. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-374 PA (DTBx) | Date | August 22, 2017 |
|---|---|---|---|

| Title | Arthur Nicholas Gilreath v. California Department of Motor Vehicles |
|---|---|

dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  <u>See</u> <u>id.</u>

The third <u>Henderson</u> factor at least marginally favors dismissal.  Defendant may be further prejudiced unless the complaint is dismissed.  <u>See</u> <u>Yourish</u>, 191 F.3d at 991; <u>Pagtalunan</u>, 291 F.3d at 642 (holding that failure to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth <u>Henderson</u> factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the date set by the Court.  Nevertheless, Plaintiff has taken no action whatsoever.  It therefore appears that Plaintiff has abandoned his efforts to obtain a judgment on the merits.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth <u>Henderson</u> factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned this action.  The Court therefore dismisses this action without prejudice for lack of prosecution.  <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986–88; <u>Ferdik</u>, 963 F.2d at 1260.

IT IS SO ORDERED.